# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CAPITAL CREDIT INCORPORATED,** | § | |
| | § | |
| **V.** | § | A-19-CV-797-LY |
| | § | |
| **MAINSPRING AMERICA, INC. and** | § | |
| **AMAZON.COM SERVICES, INC.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Opposed Motion to Remand to State Court (Dkt. No. 12); Defendant Amazon.com Services Inc.'s Response (Dkt. No. 13); and Plaintiff's Reply (Dkt. No. 16). The District Judge referred the above-motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

Mainspring America, Inc. distributes cosmetics and skincare products, and offers its product lines directly to retailers such as Defendant Amazon.com Services, Inc., via bulk shipments. To facilitate and finance the increasing volume of orders from Amazon, Mainspring entered into factoring and guaranty agreements with Capital Credit Inc. To secure Mainspring's debts to CCI, Mainspring granted CCI a security interest in all of Mainspring's property (referred to as "the Collateral"). Under these agreements, Mainspring would invoice Amazon for the products shipped to Amazon, and then assign those invoices to CCI, which would advance the sums to Mainspring, give Amazon notice of the assignment of the invoice, and receive the payments from Amazon.

In December 2017, Amazon stopped placing future orders with Mainspring. Because Mainspring was still committed to ship product to Amazon under previous orders, Mainspring continued to ship products to Amazon into 2018, which Amazon received and accepted, and for which Amazon continued to approve invoices for payment. In April 2018, however, Amazon froze all payments to Mainspring without notice, even though it had previously approved payment of nearly $850,000 in invoices. CCI, which claims to have a lien on the Mainspring product in Amazon's possession under the Factoring Agreements, made a demand on Amazon for return of the Collateral. Amazon refused to return the Collateral to CCI, and CCI alleges that Amazon has refused to make the Collateral available to CCI, though it has continued to sell the Mainspring products—despite having made no payments to either Mainspring or CCI since December 2017.

In December 2018, Mainspring and CCI filed for arbitration against Amazon, pursuant to an arbitration clause in the agreement between Mainspring and Amazon. Dkt. No. 1-1. While Mainspring and CCI filed a joint demand for arbitration, they were represented by separate counsel. CCI was subsequently dismissed from the arbitration due to a lack of contractual privity with Mainspring and Amazon. Dkt. No. 1-3. CCI thus filed a state lawsuit in Travis County, Texas against Mainspring and Amazon, asserting claims under the Factoring Agreement against Mainspring, and for return of the Collateral against Amazon.

Defendant Amazon then removed the case to this court.[1] In the motion before the Court, CCI asks that the Court remand the case to state court. It makes two arguments: (1) removal was defective because Amazon failed to obtain the consent of Mainspring prior to removal; and (2)

---

[1] In its petition, CCI alleged that Mainspring is a Wyoming corporation with its principal place of business in California, Amazon is a Delaware corporation with its principal place of business in Washington, and that CCI is a citizen of Texas.

Amazon was not excused from obtaining Mainspring's consent, because Mainspring is improperly joined as a party. Amazon responds that Mainspring's consent to the removal was not required because Mainspring was not properly served before removal, and, regardless, Mainspring's interests are identical to those of CCI, and CCI sued Mainspring in an attempt to thwart removal.

## II. LEGAL STANDARD

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Federal courts, however, "must presume that a suit lies outside their limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of showing that the removal was proper. *Frank v. Bear Stearsns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

In this case no one questions the existence of subject matter jurisdiction (based on the parties' diverse citizenship). Rather, CCI seeks remand based on a procedural defect in the removal. Removal raises significant federal concerns, and thus, "the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). This means that a district court must remand a case to state court if the defendant has not satisfied the statutory requirements for removal. Section 1446 of the removal statute sets forth the procedures for removal. In addition, § 1447(c) authorizes remand for procedural noncompliance with the removal statute, where the noncompliance is timely raised by the opposing party. 28 U.S.C. 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Here, Amazon removed this action on August 9.

2019, and CCI filed the motion to remand on September 6, 2019. CCI has thus timely raised this issue.

Section 1446(b) articulates several procedural requirements to make a proper removal, including that when a civil action is removed solely under section 1441, all defendants who have been properly joined and served must join in or consent to the removal of the action. To remove a state case, all defendants properly joined and served at the time of removal must consent to the removal. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). The notice of removal here makes no mention of Mainspring consenting to the removal, nor was any independent notice of consent filed by Mainspring. There are circumstances, however, when all defendants need not join in the petition for removal within the thirty-day time period: (1) when the non-joining defendant has not been served with process at the time the removal petition is filed; (2) when the non-joining defendant is merely a nominal or formal party; or (3) when the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Penson Fin. Serv., Inc. v. Golden Summit Investors Group, Ltd.*, 2012 WL 2680667, at *6 (N.D. Tex. July 5, 2012). If there is a procedural defect, it is independently sufficient to remand. *Gutierrez v. La Joya Indep. Sch. Dist.*, 2012 WL 5464957, at *2 (S.D. Tex. Nov. 8, 2012).

### III. ANALYSIS

As mentioned, CCI asserts that removal in this case was defective because Amazon failed to obtain Mainspring's consent to the removal of the case. Amazon does not dispute that it failed to obtain Mainspring's consent. Instead, it argues it was excused from obtaining Mainspring's consent because Mainspring was not properly served at the time of removal, and that even if it had been served, Mainspring is a fraudulently joined defendant.

4

### A. Defective Service of Process

Amazon asserts it is excused from obtaining Mainspring's consent to removal because Mainspring was never properly served with process. Federal Rule of Civil Procedure 4 outlines the requirements for service of process. *See* FED. R. CIV. P. 4(h)(1)(A); *see also* FED. R. CIV. P.4(e)(1) (allowing service of a corporation by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located). CCI asserts that it properly served the Texas Secretary of State, which is Mainspring's appointed agent for service of process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044(b). Mainspring alleges that it is a Wyoming corporation headquartered in Wyoming, and its registered agent is Registered Agents Inc., at 30 N. Gould St. Suite R, Sheridan, WY 82801. Dkt. No. 13-1, Declaration of Jonah Jackson at ¶ 2; Ex. A. As previously noted, CCI alleged in its petition that Mainspring was a Wyoming corporation with its principal place of business in California (not Wyoming). Amazon argues—correctly it appears—that CCI served the wrong company, an unrelated company also called "Mainspring America, Inc.," which is incorporated in Nevada, headquartered in California, and has a registered agent in Irvine, California. *Id.* at ¶ 3, Ex. B.

There does not appear to be any dispute that CCI intended to sue, and that the correct party to this case is, the Wyoming entity. *See* Dkt. 1-4 at ¶ 4; Dkt. 1-5 at 19, 32. However, in its state court Petition, CCI stated that "[s]ervice of process on Defendant Mainspring can be accomplished by serving duplicate copies of the process upon the Texas Secretary of State, who, in turn, shall immediately mail a copy of the process to Defendant Mainspring at its home office," and then listed the Irvine, California address for the California Mainspring company. Dkt. 1-4 at ¶ 4. Thus, at the request of CCI, the Texas Secretary of State sent the summons and petition to the Irvine-based

5

Mainspring America, Inc. Dkt. 1-5 at 3, 41-42. The Wyoming-based Mainspring received no process from the Secretary of State, or anyone else for that matter.[2]

CCI responds that Amazon is incorrectly focused on the mailing address to which the Texas Secretary of State forwarded the citation. It points to Texas law, which provides that:

> If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided.

TEX. CIV. PRAC. & REM. CODE § 17.045(a). CCI argues that under Texas law, the Secretary of State is the agent for *receiving* process, not serving process. *See Campus Invests., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (holding in default judgment case that certification by the Secretary of State conclusively establishes there has been proper citation and service, even if the secretary of state's certificate reflects that the process was returned undelivered). It argues that the Wyoming-based Mainspring was technically in receipt of process on July 22, 2019, when the Secretary of State—its agent for service of process—was served, as reflected in the return of service. Dkt. No. 1-5 at 41. "Absent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [the out of state party], received service of process for [the out of state party] and forwarded the service as required by the statute." *Capitol Brick, Inc. v. Fleming Mfg. Co., Inc.*, 722 S.W.2d 399, 401 (Tex. 1986). Importantly, though, and amplifying the "mistake" qualifier noted in *Capitol Brick*, the court in *Cullever* "recognize[d] that service of a defective

---

[2]Corroborating this, Amazon states that when it sent the removal papers to the Irvine address, the California-based Mainspring America, Inc. informed Amazon it was the wrong Mainspring. Dkt. No. 13-1, Jackson Decl. at ¶ 4.

citation through substituted service on the Secretary of State could mislead a defendant and lead to an improper default judgment." *Cullever*, 144 S.W.3d at 466.

In this case, the parties do not dispute that the address provided to the Secretary of State was incorrect. When this happens, the Secretary of State's citation is not conclusive of service. *Comm'n of Contracts of Gen. Exec. Comm. of Petroleum Workers Union of Republic of Mexico v. Arriba Ltd.*, 882 S.W.2d 576, 586 (Tex. App.—Houston 1994, no writ) (attempted service on a foreign defendant is invalid when the Secretary of State mails a copy of the complaint to an incorrect address). *See also GMR Gymanastic Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.–Fort Worth 2003, pet. denied); *Ward v. Hooper*, 2002 WL 15881, at * 3 (Tex. App.–Dallas Jan. 8, 2002, no pet.) (service of process was defective because plaintiff used an incorrect address to serve defendant). Thus, at the time of removal, Mainspring America, Inc. had not been properly served. This means that Amazon was not required to obtain Mainspring's consent to the removal. *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019).[3]

**B.      Nominal Party Status**

Because the Court has found that Mainspring was not properly served at the time of removal, and for this reason Amazon was not required to obtain its consent, the Court need not decide whether Mainspring was improperly joined, which would also have excused Amazon from getting Mainspring's consent to removal. Mainspring has not appeared or answered. Regardless, neither Mainspring's presence nor absence would defeat diversity, as it is a Wyoming citizen, CCI is a Texas citizen, and Amazon is either a Delaware or Washington corporation.

---

[3]Despite CCI's arguments to the contrary, Mainspring's actual notice of the litigation is insufficient to satisfy Rule 4's requirements. *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiffs' Opposed Motion to Remand to State Court (Dkt. No. 12).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of January, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE