# EXHIBIT A

AMERICAN ARBITRATION ASSOCIATION

MAINSPRING AMERICA, INC., a Wyoming corporation; and CAPITAL CREDIT INCORPORATED, a Texas corporation,

Claimants,

v.

AMAZON.COM SERVICES, INC., a Delaware corporation,

Respondent.

No. 01-18-0004-6123

**AMAZON'S ANSWER TO CLAIMANTS' DEMAND**

**OBJECTION TO CONSOLIDATION OF ACTION**

Respondent Amazon.com Services, Inc. ("Amazon") objects that this Demand for Arbitration ("Demand") attempts to bring a consolidated action on behalf of multiple claimants in violation of the governing agreement. The parties' contract provides that "[y]ou and we each agree that any dispute resolution proceedings will be conducted only on an individual basis and not in a class, consolidated, or representative action." Amazon Vendor Terms and Conditions ("Vendor T&C") § 10b (emphasis added). Claimants—two separate legal entities represented by separate law firms—are attempting to bring a consolidated action against Amazon in violation of the parties' contract. Claimants must therefore each bring claims on an individual basis in accordance with the dispute resolution provision of the Vendor T&C. Amazon objects to this arbitration proceeding in any fashion until such separation of claims.

**GENERAL ANSWER**

Subject to the above objection, Amazon answers and responds to the Demand filed by Claimants Mainspring America, Inc. ("Mainspring") and Capital Credit Inc. ("CCI") (collectively "Claimants") as follows:

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon denies all of Claimants' claims in this action, as well as any entitlement to relief by Claimants. This matter arises from Amazon's discovery in November 2017 of significant discrepancies between the quantities of products Amazon ordered from Mainspring (a beauty products vendor) in purchase orders ("POs") Amazon issued and the quantities of products Mainspring actually shipped to Amazon. Instead of shipping Amazon the specified quantities of products in the POs, Mainspring shipped millions of dollars of products in excess to Amazon. Mainspring then invoiced Amazon for the quantities of products it shipped—not the quantities Amazon ordered—in an attempt to take advantage of Amazon's invoicing systems and obtain payment for the excess products. Mainspring succeeded in doing so because Amazon's automated systems conditionally "approved" payment for products received at Amazon's Fulfillment Centers so long as the quantities received matched the quantities on invoices the vendor (Mainspring) submitted.

Based on internal analysis, Amazon determined that by the end of 2017, Mainspring had shipped Amazon over $3.4 million in excess products beyond what Amazon ordered in POs. Mainspring's misconduct is additionally documented as Mainspring was required to confirm the quantities of products Amazon ordered in its POs through Amazon's Advanced Shipment Notifications ("ASN") before shipping products to Amazon. Although Mainspring confirmed Amazon's PO quantities in the ASN system, Mainspring then shipped and invoiced Amazon for far greater quantities of products in attempting to obtain payment through the automated invoicing system. Once Amazon discovered Mainspring's misconduct and abuse, it ceased all purchase orders as of December 4, 2017, and later placed a payment hold on Mainspring's vendor account in April 2018.

Despite this, Mainspring continued to ship unordered products to Amazon in 2018, though Amazon last issued Mainspring a PO in August 2017. This led to conditional approval of payments to Mainspring for approximately $850,000, but this amount was the product of Mainspring's abuse of Amazon's automated invoicing systems, and did not reflect products Amazon had ordered pursuant to proper POs. The Vendor T&C makes clear that a

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

valid PO is a prerequisite for any payment from Amazon to a vendor: "We are not obligated to purchase Products, and you are not obligated to sell Products, until you accept a purchase order ('PO')." Vendor T&C § 1. As a result, Amazon does not owe Mainspring payment for any products that Mainspring intentionally overshipped in the absence of a proper PO.

The Vendor T&C additionally provides that Amazon may return or dispose of any products that were not properly ordered in a PO: "We may return or dispose of at your expense, and you will accept and reimburse us for any product that … (d) was not ordered in the applicable PO, or (e) does not comply with this Agreement." Vendor T&C § 4 (emphasis added). Accordingly, Amazon was entitled to dispose of ***at Mainspring's expense*** the excess inventory that Mainspring deliberately overshipped to Amazon. Under the Vendor T&C, Amazon was further entitled to "either withhold and setoff, or demand payment of, any sums you owe us[.]" Vendor T&C § 10(c). Amazon exercised this right under its vendor contract when it assessed Mainspring an approximately $1.5 million charge in June 2018 for amounts Amazon incurred in storing and liquidating the excess Mainspring inventory.

In June 2018, CCI counsel contacted Amazon counsel and asserted CCI's right to payment for the Mainspring inventory as assignee of Mainspring's accounts receivable. Although Mainspring and CCI executed an assignment of Mainspring's accounts receivable in April 2015, according to documents provided by CCI counsel, Mainspring did not send notice of this assignment to Amazon until February 2018. In an August 10, 2018 letter, Amazon counsel informed CCI counsel that Mainspring had no outstanding accounts receivable owed by Amazon and explained Mainspring's misconduct and abuse of Amazon's automated invoicing system. Amazon counsel further informed CCI counsel that Mainspring in fact owed Amazon over $1.5 million for the losses Amazon had incurred as a result of Mainspring's deliberate overshipment of unordered products.

In an August 29, 2018 letter, CCI counsel changed position from seeking payment for the Mainspring inventory to asserting for the first time that CCI held a security interest in Mainspring's collateral and was entitled to take possession of any inventory that Mainspring

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

had shipped to Amazon that Amazon had not paid for. Although CCI and Mainspring filed a UCC Financing Statement in Wyoming in April 2017 recording CCI's security interest, neither CCI nor Mainspring notified Amazon of CCI's interest in Mainspring's collateral until CCI counsel's August 29 letter—two months after CCI counsel first contacted Amazon counsel seeking payment for any accounts receivable that Amazon owed Mainspring.

After receiving this letter from CCI counsel, Amazon immediately took action to halt the further sale or disposal of Mainspring inventory, pending a potential return of some or all of this inventory to CCI, pursuant to CCI's security interest in the Mainspring collateral. In an October 2, 2018 email, CCI counsel acknowledged that Amazon had frozen the Mainspring inventory: "Mainspring has informed us that Amazon now appears to have frozen ALL inventory." Amazon counsel informed CCI counsel that it was working to reconcile what Mainspring inventory was on hand, what Mainspring inventory Amazon had paid for pursuant to proper POs, what (if any) inventory it intended to return to CCI, and the shipping and storage costs Amazon would incur in doing so. CCI counsel followed up with Amazon counsel on October 18, 2018, but did not attempt to communicate with Amazon counsel again before filing this Demand in December 2018.

Amazon's investigation of the claims in Claimants' Demand is ongoing. Amazon denies that Claimants are entitled to any relief as a result of (1) Mainspring's intentional misconduct and abuse in overshipping unordered products to Amazon, (2) Amazon's contractual right to return or dispose of any products that were not shipped pursuant to a proper PO, (3) CCI's belated assertion of a security interest in the Mainspring inventory, and (4) Amazon's commercially reasonable actions in handling the millions of dollars of excess Mainspring inventory it received, along with (5) additional reasons that Amazon expects discovery in this matter will show.

Amazon additionally asserts counterclaims against Mainspring for breach of contract, negligent misrepresentation, and other claims, and will seek to recover all amounts paid to Mainspring for products that were not shipped pursuant to a proper PO and for all damages

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon incurred as a result of the excess inventory Mainspring intentionally shipped to Amazon, including Amazon's losses in selling this inventory, and its costs in storing and liquidating this inventory. Amazon reserves the right to add counterclaims and will assert them in full in response to any individual Demand filed by Mainspring or CCI after severing their improper consolidated action.

## AFFIRMATIVE DEFENSES

Amazon sets forth below its affirmative defenses. Amazon does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Claimants. Amazon reserves the right to amend or supplement its defenses as investigation and discovery proceed.

1. Failure to state a claim upon which relief can be granted
2. Breach of contract by Claimant(s)
3. Fraud
4. Illegality
5. Unclean hands
6. Claimants' own conduct
7. Offset
8. Indemnity
9. Waiver
10. Unjust enrichment
11. Respondent acted in commercially reasonable manner
12. Claimants' violation of duty of good faith and fair dealing
13. Lack of privity
14. Failure to satisfy condition(s) precedent
15. Recovery of damages not permitted under applicable law, including punitive damages.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

16. Claims brought under California law in contradiction of choice of law provision.

17. Improper locale, as arbitration must be conducted in King County, Washington.

**LOCALE OBJECTION**

Amazon specifically objects to Claimants' request for an in-person hearing in Orange County, California. The contract governing the parties' agreement provides that any "arbitration conducted in person will be in King County, Washington or at another mutually agreed location." Vendor T&C § 10(b). Amazon does not agree to, and specifically objects to, Claimants' request for Orange County, California, as the proper locale for this dispute. The proper locale for this dispute is Seattle, Washington, where the parties' relationship is centered, where Amazon as Respondent is headquartered, and further because the dispute is governed by Washington law.

**RELIEF REQUESTED**

Amazon requests that the Arbitrator grant relief as follows:

1. Dismissal of all claims and relief sought by Claimants;

2. An award of damages to Amazon on its counterclaims resulting from Mainspring's intentional misconduct in an amount to be proven at hearing; and

3. An award of Amazon's fees and costs.

DATED this 30th day of January, 2019.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Amazon.com Services, Inc.

By: *s/ John Goldmark*
John A. Goldmark, WSBA #40980
Ross Siler, WSBA #46486
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150; Fax: (206) 757-7700
Email: johngoldmark@dwt.com
ross.siler@dwt.com